IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v.     ) | No. 3:12-CR-0011-B |
| ) | |
| IGNACIO GOMEZ-BELTRAN, ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On February 6, 2013, Defendant Ignacio Gomez-Beltran ("Defendant") filed a motion for leave to file an out-of-time appeal. Defendant states he told his attorney to file an appeal, but his attorney did not file the appeal.

On April 17, 2013, the government filed a response to the motion. The government states it opposes Defendant's motion for leave to file an out-of-time appeal.

**II. Discussion**

Pursuant to Fed. R. App. P. 4(b)(1), notice of appeal in a criminal case generally must be filed within fourteen days of entry of judgment. Under Fed. R. App. P. 4(b)(4), the Court may grant a defendant thirty additional days to file his notice of appeal if the defendant shows good cause or excusable neglect.

In this case, Defendant did not file his motion for leave to file an out-of-time appeal

within the thirty day extension period. Defendant's judgment was entered on November 1, 2012. He did not file his motion for out-of-time appeal until February 6, 2013.[1]

Alternatively, Defendant states that on January 7, 2013, he mailed a letter to the Clerk's Office inquiring about his appeal. If the Court accepts Defendant's January 7, 2013, letter as his motion for leave to file an out-of-time appeal, the motion was still filed more than forty-four days after entry of the judgment. Defendant therefore failed to file his motion within the extension period.

The time limit in Fed. R. App. P. 4(b)(1) is mandatory, but is not jurisdictional. *United States v. Ibarra-Olvera*, 497 Fed. Appx. 423, 423 (5th Cir. 2012) (per curiam) (citing *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). The government may waive the time limit. In this case, the government filed a response stating it does not waive the time limit. The Court is therefore without authority to grant Defendant's motion for leave.

**RECOMMENDATION**:

The Court recommends that Defendant's motion for leave to file an out-of-time appeal be denied.

Signed this 29th day of April, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] A prisoner's pleadings are considered filed on the date the prisoner delivers the pleading to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271 (1988).

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).