UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CR-011-B |
| | § | |
| IGNACIO GOMEZ-BELTRAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the Findings, Conclusions and Recommendation of the United States Magistrate Judge (doc. 134) regarding Defendant Ignacio Gomez-Beltran's Motion for Leave to File Out of Time Notice of Appeal (doc. 114). After making an independent review of the motion, response, relevant law, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the Court is of the Opinion that the Findings, Conclusions, and Recommendation are correct and free of clear error. Upon *de novo* review of the Defendant's objections, the Court finds them without merit and overrules them.

Under Fed. R. App. P. 4(b)(1) and 4(b)(4), from the date of judgment, Defendant had 14 days to file a notice of appeal or, if he were able to demonstrate good cause or excusable neglect, an additional 30 days beyond the original 14 days, for a maximum of 44 days from the date of judgment by which to file a notice of appeal. Here, the Entry of Judgment was filed on November 1, 2012, thus making December 17, 2012 the latest date by which Defendant could have filed a notice of appeal within the rules. The first written communication from Defendant that may even be construed as a notice of appeal was his January 7, 2013 letter to the Clerk of Court updating his address and

stating that his attorney, Brian Alexander, had not contacted him since his sentencing hearing. Doc. 114, Pl. Mot. 4. This communication was beyond the deadline and, as such, even if it demonstrated good cause or excusable neglect, was untimely. *See United States v. Ibarra-Olvera*, 497 F. App'x 423, 423-24 (5th Cir. 2012)(citing *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir.2007)). The government does not waive the time limit for filing a notice of appeal in this case. Gov. Resp. 2.

The Court further notes that, on the record during the sentencing hearing, the Court advised Defendant of his right to appeal his sentence and to court appointed counsel for his appeal. The Court asked Defendant's attorney, Alexander, to speak with Defendant and file the notice of appeal within the 14-day time frame, to which Alexander agreed in Defendant's presence, with the proceedings being interpreted into Spanish for Defendant's benefit. The Government's response to the Motion before the Court states that Alexander advised the government that Defendant did not want to appeal his sentence. Gov. Resp. 2.

Thus, despite Defendant's contention that Alexander did not communicate with Defendant after his sentencing hearing, Defendant failed to file a notice of appeal before the applicable deadline. For these reasons, and the reasons stated in the Findings, Conclusions, and Recommendation of the Magistrate Judge, the Court hereby **ACCEPTS** the Recommendation of the Magistrate Judge. Defendant's Motion for Leave to File Out of Time Notice of Appeal (doc. 114) is **DENIED**.

SO ORDERED.

SIGNED: July 19, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE